UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JANICE M. DIDARIO-SMITH,

    Plaintiff,

v.                                   Case No.:  8:22-cv-1583-DNF

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## OPINION AND ORDER

Plaintiff Janice M. Didario-Smith seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for a period of disability and disability insurance benefits. The Commissioner filed the Transcript of the proceedings ("Tr." followed by the appropriate page number), and the parties filed legal memoranda setting forth their positions. Plaintiff also filed a reply memorandum. As explained below, the decision of the Commissioner is **REVERSED and REMANDED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

**I.      Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision**

    **A.      Social Security Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505-404.1511, 416.905-416.911.

    **B.      Standard of Review**

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision.

*Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). Unlike findings of fact, the Commissioner's conclusions of law are not presumed valid and are reviewed under a de novo standard. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994); *Maldonado v. Comm'r of Soc. Sec.*, No. 20-14331, 2021 WL 2838362, at *2 (11th Cir. July 8, 2021); *Martin*, 894 F.2d at 1529. "The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Keeton*, 21 F.3d at 1066.

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At the first step, the ALJ must determine whether the claimant is currently engaged in substantial gainful employment. 20 C.F.R. § 404.1520(a)(4)(i), (b); 20 C.F.R. § 416.920(a)(4)(i), (b). At step two, the ALJ must determine whether the impairment or combination of impairments from which the claimant allegedly suffers is "severe." 20 C.F.R. § 404.1520(a)(4)(ii), (c); 20 C.F.R. § 416.920(a)(4)(ii), (c). At step three, the ALJ must decide whether the claimant's severe impairments meet or medically equal a listed impairment. 20 C.F.R. § 404.1520(a)(4)(iii), (d); 20 C.F.R. § 416.920(a)(4)(iii), (d). If the ALJ finds the claimant's severe impairments do not meet or medically equal a listed impairment,

then the ALJ must determine whether the claimant has the residual functional capacity ("RFC") to perform her past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv), (e)–(f); 20 C.F.R. § 416.920(a)(4)(iv), (e)–(f).

If the claimant cannot perform past relevant work, the ALJ must determine at step five whether the claimant's RFC permits her to perform other work that exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), (g), 416.920(a)(4)(v), (g). At the fifth step, there are two ways in which the ALJ may establish whether the claimant is capable of performing other work available in the national economy. The first is by applying the Medical Vocational Guidelines, and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239-40 (11th Cir. 2004); *Atha v. Comm'r, Soc. Sec. Admin.*, 616 F. App'x 931, 933 (11th Cir. 2015).

The claimant bears the burden of proof through step four. *Atha*, 616 F. App'x at 933. If the claimant meets this burden, then the burden temporarily shifts to the Commissioner to establish the fifth step. *Id.*; 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). If the Commissioner presents evidence of other work that exists in significant numbers in the national economy that the claimant is able to perform, only then does the burden shift back to the claimant to prove she is unable to perform these jobs. *Atha*, 616 F. App'x at 993.

### C.  Procedural History

Plaintiff applied for a period of disability and disability insurance on August 8, 2019, alleging disability beginning on November 1, 2018. (Tr. 106, 159-160). The applications were denied initially and on reconsideration. (Tr. 80, 109). Plaintiff requested a hearing, and on September 21, 2021, a hearing was held before Administrative Law Judge Glen H. Watkins ("ALJ"). (Tr. 30-47). On October 13, 2021, the ALJ entered a decision finding Plaintiff not under a disability from November 1, 2018, through the date of the decision. (Tr. 12-24).

Plaintiff requested review of the decision, but the Appeals Council denied Plaintiff's request on May 13, 2022. (Tr. 1-5). Plaintiff filed a Complaint (Doc. 1) on July 13, 2022, and the case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (Doc. 13).

### D.  Summary of ALJ's Decision

In this matter, the ALJ found Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2025. (Tr. 14). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since November 1, 2018, the alleged onset date. (Tr. 14). The ALJ noted that Plaintiff had worked after her alleged onset date, but her employer accommodated her by allowing her frequent leaves of absence, fewer or easier duties, irregular hours, more breaks, and extra help or supervision when performing

her job. (Tr. 14-15). At step two, the ALJ found that Plaintiff had the following severe impairments: "lupus; seronegative rheumatoid arthritis; spine disorder, status post ACDF in August 2020; mild degenerative changes of the right shoulder; headaches; depression; and anxiety." (Tr. 15). At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526). (Tr. 16).

Before proceeding to step four, the ALJ found that Plaintiff had the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 [C.F.R. §] 404.1567(b) except she can lift and carry 20 pounds occasionally and 10 pounds frequently, stand and/or walk for 6 hours, and sit for 6 hours in an 8-hour workday with normal breaks. She can frequently use hand controls. She can occasionally climb ladders, ropes, scaffolds, ramps, and stairs, and can occasionally balance, stoop, kneel, crouch, and crawl. She can frequently reach overhead bilaterally. She must avoid concentrated exposure to extreme cold, extreme heat, hazards, and excessive humidity. She can understand, remember, or carry out simple, routine tasks or instructions with a reasoning level 1 or 2, and can occasionally interact with the public.

(Tr. 17).

At step four, the ALJ determined that Plaintiff was unable to perform her past relevant work as a cook, floor attendant, and secretary. (Tr. 22-23). At step five, the ALJ found that considering Plaintiff's age (39 years old on the alleged disability

onset date), education (at least high school), work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 23-24). Specifically, the vocational expert testified that a person with Plaintiff's limitations could perform such occupations as:

    (1)   assembler, DOT 706.687-010,[1] light, SPV 2

    (2)   marker, DOT 209.587-034, light, SPV 2

    (3)   office helper, DOT 239.567-010, light, SPV 2

(Tr. 24). The ALJ concluded that Plaintiff had not been under a disability from November 1, 2018, through the date of the decision. (Tr. 24).

## II.    Analysis

On appeal, Plaintiff raises the issue of whether the ALJ erred in the assessment of the RFC by failing to consider all of Plaintiff's severe impairments. (Doc. 16, p. 2). Plaintiff argues that the ALJ failed to consider Plaintiff's severe impairments of rheumatoid arthritis, lupus, and headaches when assessing the RFC. (Doc. 16, p. 3, 7). The Commissioner contends that substantial evidence supports the ALJ's RFC finding. (Doc. 17, p. 5).

### A.    Rheumatoid Arthritis and Lupus

At step two of the sequential evaluation, the ALJ determined that Plaintiff had the severe impairments of, among other things, lupus and seronegative rheumatoid

---

[1] DOT refers to the *Dictionary of Occupational Titles*.

arthritis. (Tr. 15). Plaintiff contends that the ALJ did not consider Plaintiff's seronegative rheumatoid arthritis and lupus when assessing Plaintiff's RFC. (Doc. 16, p. 3-3-7). The Commissioner argues that the ALJ considered these impairments in assessing the RFC. (Doc. 17, p. 7-9).

An individual's RFC is her ability to do physical and mental work activities on a sustained basis despite limitations secondary to her established impairments. *Delker v. Comm'r of Soc. Sec.*, 658 F. Supp. 2d 1340, 1364 (M.D. Fla. 2009). In determining a claimant's RFC, the ALJ must consider all relevant evidence including non-severe impairments. *Barrio v. Comm'r of Soc. Sec.*, 394 F. App'x 635, 637 (11th Cir. 2010). Furthermore, the ALJ must "'scrupulously and conscientiously probe into, inquire of, and explore for all relevant facts.'" *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 (11th Cir. 2015) (quoting *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir.1981)). In other words, ALJs "are by law investigators of the facts and are tasked not only with the obligation to consider the reasons offered by both sides, but also with actively developing the record in the case." *Id*.

The task of determining a claimant's RFC and ability to work rests with the administrative law judge and not with a doctor. *Moore v. Comm'r of Soc. Sec.*, 649 F. App'x 941, 945 (11th Cir. 2016); *see also Castle v. Colvin*, 557 F. App'x 849, 853-54 (11th Cir. 2014), *Green v. Soc. Sec. Admin.*, 223 F. App'x 915, 924 (11th Cir. 2007). That said, an ALJ may not "'may not arbitrarily substitute his own hunch

or intuition for the diagnosis of a medical professional.'" *Williams v. Barnhart*, 140 F. App'x 932, 934 (11th Cir. 2005) (quoting *Marbury v. Sullivan*, 957 F.2d 837, 840–41 (11th Cir.1992)). But an ALJ can reject a physician's opinion when the evidence supports a contrary conclusion. *Id.* Indeed, while an ALJ may not make medical findings, an ALJ has the responsibility to resolve conflicting medical opinions. *Ybarra v. Comm'r of Soc. Sec.*, 658 F. App'x 538, 543 (11th Cir. 2016).

While the ALJ found lupus a severe impairment, when assessing the RFC, the ALJ only mentioned lupus symptoms when summarizing an October 2019 consultative physical examination. (Tr. 19). At the consultative examination, the ALJ noted that Plaintiff reported joint swelling and pain, stiffness, lupus symptoms, cervical pain radiating to her right extremity, and lumbar pain with occasional radiculopathy. (Tr. 19). Otherwise, the RFC discussion is silent as to lupus.

The ALJ also found seronegative rheumatoid arthritis a severe impairment at step two. (Tr. 15). The ALJ noted that Plaintiff had "a history of rheumatology treatment for seronegative rheumatoid arthritis, and failed or could not tolerate various medications like Plaquenil, Enbrel, or methotrexate (Ex. 4F-5F), although the lack of rheumatology findings and treatment after the alleged onset date suggest her symptoms were primarily musculoskeletal in nature." (Tr. 19). Other than this mention, the RFC discussion is silent as to the severe impairment of seronegative rheumatoid arthritis.

The Commissioner argues that the ALJ discussed imaging of Plaintiff's right hand, which contained no evidence of inflammatory arthropathy, showing he considered Plaintiff's seronegative rheumatoid arthritis. (Doc. 17, p. 8). But the ALJ never mentioned that this discussion related to seronegative rheumatoid arthritis and the Court cannot rely on this post hoc rationalization. *See Pyle v. Kijakazi*, No. 8:20-CV-1271-TGW, 2022 WL 2402825, at *3 (M.D. Fla. Mar. 24, 2022) ("Post hoc rationalizations of litigating counsel do not provide the basis for judicial review of an administrative decision."); *Baker v. Comm'r of Soc. Sec.*, 384 F. App'x 893, 896 (11th Cir. 2010).

As the ALJ states in the decision, by definition a medically determinable impairment significantly limits the ability to perform basic work activities as required by SSR 85-28. (Tr. 15); *see Raduc v. Comm'r of Soc. Sec.*, 380 F. App'x 896, 898 (11th Cir. 2010). While the ALJ limited Plaintiff to light work with additional limitations, he did not discuss limitations from the severe impairments of lupus and seronegative rheumatoid arthritis and their impacts on Plaintiff's ability to work. *See Raduc*, 380 F. App'x at 898 (finding remand warranted when ALJ failed to address the limitations caused by a step two severe impairment). The Court should not be left to speculate about the functional impacts of Plaintiff's severe impairments and whether the RFC assessment contained any such limitations. *Nance v. Comm'r of Soc. Sec.*, No. 8:20-cv-507-NPM, 2021 WL 4305093, at *5 (M.D. Fla. Sept. 22,

2021) (collecting cases). Thus, it is unclear how both lupus and rheumatoid arthritis affect Plaintiff's RFC or, in other words, whether Plaintiff's ability to perform work at the light level with additional limitations was impacted by these severe impairments. Remand is warranted to further consideration of the impact of these severe impairments on the RFC assessment.

B.   **Headaches**

At step two, the ALJ also found headaches a severe impairment. (Tr. 15) Plaintiff argues that the ALJ did not explain how she could be expected to focus on work activity with frequent headaches. (Doc. 16, p. 8). The ALJ noted Plaintiff took Maxalt and Percocet for pain and headaches. (Tr. 20). The ALJ also noted updated imaging and exams showed Plaintiff appeared neurologically intact with intact hardware. (Tr. 20).

The Commissioner contends that the ALJ discussed the medications Plaintiff's needed for her reported headaches. (Doc. 17, p. 10). The Commissioner also contends that the ALJ need not accommodate further alleged limitations caused by the headaches because he found Plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the medical and other evidence of record. (Doc. 17, p 10). While the ALJ did make this finding, he also found Plaintiff's headaches to be a severe impairment and did not discuss any limitations caused by this severe impairment in the RFC

determination. As with lupus and seronegative rheumatoid arthritis, it is unclear how Plaintiff's headaches affect the RFC assessment. Remand is warranted for further consideration of the impact of Plaintiff's headaches on the RFC assessment.

### III.   Conclusion

For the reasons discussed above, the decision of the Commissioner is **REVERSED and REMANDED** such that this action is remanded under sentence four of 42 U.S.C. § 405(g) for the Commissioner to reconsider the RFC assessment. The Clerk of Court is directed to enter judgment consistent with this opinion, terminate any motions and deadlines, and afterward close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on September 7, 2023.

*/s/ Douglas N. Frazier*
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties